IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LESLIE GARRETT, | ) | CASE NO.  4:09-CV-3246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| BUGEATER INVESTMENTS, INC., | ) | |
| A Nebraska Corporation, d/b/a | ) | |
| CLIFF'S LOUNGE, | ) | |
| | ) | |
| Defendant | ) | |

Upon agreement by the parties and for good cause shown, it is hereby ORDERED that:

1. All confidential information produced or exchanged in the course of this lawsuit shall be treated as confidential by the Parties and shall be used solely for the purpose of preparation and litigation of this lawsuit and for no other purpose or litigation whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information relating to any financial, health, personnel or business matters of any party or person affiliated with a party, including, without limitation, any employee, former employee, applicant or customer of a party,  which is designated "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by either the supplying or receiving party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as

"Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designations only as to that information that it, in good faith, believes contains confidential information.

3. Confidential documents shall be made available only to "Qualified Persons" as defined herein who shall have read this Confidentiality Agreement and who shall agree to be bound by its terms. No other person shall have access to Confidential documents without approval of the Court or the agreement of the parties, nor shall any such other person be informed of the substance of such Confidential documents by any person having access thereto.

4. "Qualified Persons," as used herein, means:

(a) Plaintiff, Leslie Garrett-Brown;

(b) Attorneys of record for the Parties in this lawsuit and employees of such attorneys to whom it is necessary that the information be shown for purposes of this lawsuit;

(c) Actual or potential technical experts, independent investigators, or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be served on counsel for all parties by the attorney retaining such person);

(d) Any present or former officer, employee, or agent of Defendants whom Defendants in good faith determine has a need to review such document;

(e) The Court, his employees and agents, court reporters, and their agents in depositions, hearings, or lawsuit in this action; and

(f) Any other person designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

5. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking the first page of the document(s) so designated with a stamp stating "Confidential," "Confidential Subject to Protective Order," or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6. Prior to disclosing any documents containing "Confidential Information" to any witness or "Qualified Person" as defined in this Protective Order, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

3

7. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this lawsuit, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorney'' Eyes Only") by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within sixty (60) days of receipt of the transcript, of the specific pages and lines of the transcript, and/or specific deposition exhibits, that should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. The receiving Party's counsel shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in their possession, custody, or control. With the exception of permitting the deponent to review his or her own deposition transcript, all deposition transcripts shall be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") for a period of sixty (60) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") with blank, consecutively numbered pages being

provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

      8.    (a)    Information designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraph 4(b) above.

          (b)    Copies of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving Party shall be maintained in the offices of outside counsel for the receiving party. Any documents produced in this lawsuit, regardless of classification, which are provided to Qualified Persons of Paragraph 4(c) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this lawsuit.

          (c)    Outside counsel for a receiving Party shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Persons of Paragraph 4, above.

      9.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number

within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as confidential may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

10. Nothing herein shall prevent disclosure beyond the terms of this order if the Party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

11. In the event that any party to this lawsuit disagrees with the designation by the designating party of any information as "Confidential," or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If a dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting within thirty (30) days in writing to the party who has designated the document or information as "Confidential," "For Counsel Only" (or "Attorney Eyes Only") or designated the Person as Qualified. The designating party shall

then be required to request the Court enter an Order preserving the designated status of such information within thirty (30) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item or the termination of the Qualified status of the individual.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of the Court modifying this Protective Order.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

13. In the event a receiving party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this lawsuit, the party submitting the information to the court shall electronically file a motion to file restricted access documents and file the documents as restricted access documents using the court's Case Management/Electronic Case Filing system (CM/ECF). The motion shall state the restricted access documents filed contain "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information which are confidential, subject to an agreed protective order between the parties, and not to be placed on the public docket except upon order of the court.

Documents filed by counsel on CM/ECF as restricted access documents can be accessed and viewed by the attorneys of record and the court, but not by the general public. Once the motion to file as restricted access documents

7

is granted, these documents will continue to be accessible for viewing by only the court and the attorneys of record during the pendency of this case and after its conclusion.

The provisions of this paragraph do not apply to exhibits offered at the time of a filing, a hearing, or trial; provided, however, that any Party shall be entitled to seek such protective orders concerning the "Confidential Information" to be introduced in such proceeding as it deems reasonable and/or necessary to protect "Confidential Information" from public disclosure. No later than fourteen (14) days before the date of any filing, hearing or trial, a receiving Party shall advise a designating Party in writing of any "Confidential Information" he or she intends to use in such proceeding so that the designating Party will have an opportunity to seek an appropriate protective order.

14. The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Information," without being designated as "Confidential Information" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter. The production of documents or other tangible things pursuant to a request for production shall not be deemed a waiver of any right by the producing party to object to admissibility of such document at a later time. Documents unintentionally produced without designation as "Confidential" may be

retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

15. This order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this lawsuit from conveying to any party client an evaluation in a general way of "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16. This Protective Order shall apply to and be enforceable against Plaintiff, Plaintiff's attorney, Defendants, Defendants' attorneys, all persons and entities to whom any "Confidential Information" is disclosed; and all of their agents, members, shareholders, partners, associates, consultants, employees, representatives, successors, and assigns.

17. NOTHING CONTAINED IN THIS PROTECTIVE ORDER SHALL BE CONSTRUED AS PERMITTING DISCLOSURE OF ANY CONFIDENTIAL INFORMATION, OR ANY INFORMATION ABSTRACTED THEREFROM, TO COUNSEL OR PARTIES IN ANY ACTUAL OR POTENTIAL LITIGATION OR LEGAL PROCEEDING OTHER THAN THE ABOVE-ENTITLED AND NUMBERED CAUSE, OR TO ANY PERSON OR ENTITY INVOLVED IN THE INVESTIGATION

9

OR PREPARATION OF ANY OTHER POTENTIAL LITIGATION OR LEGAL PROCEEDING.

      18.    This Protective Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

      SO ORDERED this 14th day of April, 2010.

s/ *Cheryl R. Zwart*
United States Magistrate Judge

THE PARTIES HEREBY STIPULATE AND
AGREE TO THE TERMS OF THE FOREGOING
PROTECTIVE ORDER AND TO ITS ENTRY
BY THE COURT.

April 12, 2010                        Respectfully submitted,

/s/ Douglas J. Peterson
Douglas J. Peterson
Bar No. 18146
Keating, O'Gara, Nedved & Peter, P.C., L.L.O.
530 South 13th Street, Suite 100
Lincoln, Nebraska  68508
dpeterson@keatinglaw.com

ATTORNEY FOR PLAINTIFF
LESLIE GARRETT

April 12, 2010

        <u>/s/ Susan Sapp (by permission)</u>
        Susan Sapp
        Bar No. 19121
        Cline, Williams, Wright, Johnson & Oldfather
        1900 U.S. Bank Building
        233 South Thirteenth
        Lincoln, Nebraska 68508

        ATTORNEY FOR DEFENDANT BUGEATER INVESTMENTS, INC., A Nebraska Corporation, d/b/a CLIFF'S LOUNGE,